UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

NOV - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LUIS HUMBERTO BARBOSA,
　　　　Plaintiff - Pro Se,

　　　　Vs.

U.S. DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION,
　　　　Defendant.

Civil Action No. 06-0867 (CKK)
(ECF)

## PLAINTIFF'S MOTION AND ATTACHED AFFIDAVIT IN RESPONSE TO U.S. JUSTICE DEPT'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES**, Luis Humberto Barbosa, pro-se in the above civil action and submits his motion and attached affidavit in response to U.S. Justice Dept's Motion for Summary Judgment on grounds that:

(a)  Genuine issue of material facts supported with compelling material evidence were originally submitted in plaintiff's civil action complaint...that the U.S. Justice Department and the Drug Enforcement Administration have indeed acted in bad faith and still withholding material facts pertinent to plaintiff is another story;

(b)  Genuine issue of material facts supported by compelling evidence due exists for proving and/or establishing plaintiff's assertions raised under his civil action complaint;

(c)  Material facts have been gathered from all materials released as result of plaintiff's original FOIA request and pursuant to litigation review, showing indeed contrary to defendant's motion for summary judgment.

# D I S C U S S I O N

1.   On or about March 24, 2005, the non-movant party origi-nally requested from the AUSA Judy Smith, copy of the chemical signature breakdown analysis report No. 124175 in his case, or in the alternative, for the address of the DEA Laboratory. <u>See</u>, complaint (comp.) ex. "A."

2.   Plaintiff was triggered to investigating the alleged "drugs" or "controlled substance" used by the government against him in a court of law, the commission of improprieties, inconsis-tancies, perjurious statements, complaint and affidavit fabrication, and Court's inconclusive decisions made during the proceedings of his criminal case. <u>See</u>, comp. ¶ 12-18.

3.   On or about April 7, 2005, regular letter was sent to Mr. Howard L. Dobres, Director for the Northeast Regional Labora-tory (NERL) requesting the chemical signature breakdown analysis report No. 124175 pertinent to plaintiff's criminal case. <u>See</u>, comp. Ex. "B."

4.   On or about May 28, 2005, in light that the DEA lab. director's failed to respond to plaintiff's letter of request dated April 7, 2005, plaintiff filed a formal and legal FOIA request to NERL requesting said chemical signature breakdown analysis report and all other information maintained under the agency's files pertinent to him. <u>See</u>, comp. Ex. "C."

5.   On or about September 8, 2005, DEA released portion of 37 pages, including 14 pages of laboratory report. <u>See</u>, comp. Ex. "E."

6.   The DEA under the same letter of September 8, 2005, informed the plaintiff that his name was mentioned in two other "related" files, and that if plaintiff wished the files to be processed, that he must agree to pay an estimated search fee of $56.00. The letter included a line for the plaintiff to sign to indicate that he agreed to pay for the search fee. the plaintiff subsequently returned the signed letter to DEA, and the files were processed. <u>See</u>, ex. E attached under Wassom's Decl.

7.   On or about October 22, 2005, in light that the lab. director never ever responded to plaintiff's regular letter of request for copy of the chemical signature breakdown analysis report pertinent to plaintiff, a certified letter was sent to the lab. director advising that no response was ever received in return of plaintiff's letter of April 7, 2005. <u>See</u>, ex. F attached under Wassom's Decl.

8.   On or about October 28, 2005, DEA released portion of four pages to the plaintiff pertaining to him, but from another unrelated case not the one at bar. <u>See</u>, ex. G attached under Wassom's Decl.

9.   On or about December 21, 2005, DEA released portions of seven pages to the plaintiff, completing the processing of the processed pages. <u>See</u>, ex. J attached under Wassom's Decl.

10.   On or about September 26, 2005, plaintiff filed his appeal to Office of Information and Privacy (OIP), appealing the withholding of the fourty (40) pages and the chemical signature breakdown analysis report. <u>See</u>, comp. Ex. "F."

11. On or about March 8, 2006, OIP released portion of one additional page to plaintiff, and stated that otherwise it was affirming DEA's action. <u>See</u>, comp. Ex. "G."

12. On or about April 14, 2006, plaintiff filed his civil action which this Court docketed under number 06-0867 (CKK).

13. On or about October 11, 2006, the U.S. Justice Dept. and the Drug Enforcement Administration, through and by their assigned counsel, submitted motion for summary judgment persuant Fed. R. Civ. P. 56 on the grounds that no genuine issue of material fact exists and thus entitled to judgment as a matter of law.

## A R G U M E N T

14. U.S. Department of Justice and the DEA must have used their heaviest artillery because they have done a very impressionable and professional job answering plaintiff's civil action. Great job in detailing as to what information or record should be released or withheld, who should or should not be protected according to the exemptions and/or according to written laws. Unfortunately, there is a different story hidden  behind their conduct of operations.

15. Their entire submission  is comprised of 161 pages, that if we deduct 91 pages of <u>Vaughn Index</u> and 21 pages of other exhibits, we are basically theoretically left with 49 page brief. Plaintiff asserts they have done this for two reasons : (1) impressing the Court and plaintiff; (2) misleading the Court.

16. Now plaintiff's dollar question is. Does any one within this(ese) respective agency(ies) watches over making sure that each document that falls the class requested either has been in good faith produced, not withheld? The answer to this question is no.

And even if someone within the agency does watch, he or she will not become whistle blower because they all work under the same roof and are paid by the same agency. This makes it almost impossible to obtain material facts leading to resolving our issues of concern.

17. So no one will ever know the agency respectively in charged for legally reviewing and releasing or withholding information is acting in good or bad faith, although everyone does rely and believe they "always" due act in good faith. Unfortunatelly, in reality they do not, as they did overwhelmingly in the case at bar.

18. U.S. Justice Department and DEA answered plaintiff's civil action and did not address nor rebutted none of plaintiff's assertions that plaintiff supported with material evidence, but rather answered on legal procedural view and regulations for releasing information and/or record under FOIA.

19. When plaintiff requested the records to NERL under his FOIA letter request dated May 28, 2005. He requested any records pertinent to laboratory exhibit analysis No. 124175, specifically requesting the chemical signature breakdown analysis report, and any and all materials regarding himself . Plaintiff at any moment in his request opposed  the withholding of names, initials, and/or signatures of DEA laboratory personnel, informants' names or initials, nor any proffered investigatory information that if released, may risk circumvention of agency's regulation.

20. The plaintiff, as any other person trusting  on a government agency's honesty, expected from the agency to always

be acting in good faith releasing informations that the FOIA
enacted to serve. Unfortunately, the agency's operational "action"
and/or "conduct" and "good faith" in plaintiff's case were far
off from expectation.

21.  Now, although defendant at this time still reluctant
in getting any rear close to acting in good faith in releasing the
requested material facts revealing the truth  about the alleged
"drugs or controlled substance" involved in plaintiff's case, fortu-
natelly plaintiff has gathered from the materials released as result
of his FOIA request and pursuant to litigation review, material facts
to prove and/or establish, as a matter of law, his assertions raised
under his civil action.

22.  On or about September 8, 2005, DEA released portion
of 37 pages, including 14 pages of laboratory report, as result
of plaintiff's FOIA request letter dated May 28, 2005. See, comp.
Ex. "E.",  and ex. 4-17 herein attached.

23.  On or about September 26, 2006, plaintiff appealed the
withheld portion of the material that including the chemical
sugnature breakdown analysis report (No. 121475) that was also
requested. See, comp. Ex. "F."

24.  On or about March 8, 2006, Office of Information and
Privacy (OIP) decided plaintiff's appeal and concluded to releasing
portion of one additional page. See, comp. Ex. "G."

25.  Although the letter from the OIP stated that a copy of
that additional page was enclosed, the OIP failed to include said
page. See, comp. Ex. "G."

26. Subsequently, on March 16, 2006, plaintiff sent a letter
to the OIP advising they had failed to including  the additional
of that one page  in their letter of March 8, 2006.

27. On or about March 27, 2006, letter was received from
OIP in which this time the additional portion of that one page
was included. See, ex. 1-2 herein attached.

28. Plaintiff wishes to draw the Court's attention to this
additional page. See, ex. 2 herein attached.

29. This DEA report of investigation, apart from the agency
withholding DEA personnel  names, signatures, initials  by using
translucent red cellophane tape, the agency also withheld material
facts favorable to plaintiff that do not fall within any FOIA
exemptions for justifying non-disclosure.

30. Plaintiff alleges that withholding information of material
facts favorable to plaintiff's case, and that do not fall under
any FOIA regulation nor exemptions for non-disclosure of such,
constitutes bad faith action and FOIA    violation on part of
the agency, which places Leila I. Wassom's Declation into question.

31. Plaintiff further alleges that this action on part of
the agency to withholding information that do not fall under any
FOIA regulation nor exemption for justifying non-disclosure  is
clear evidence that the agency uses legal exemptions and/or
regulations to secretly hide agency's acts of bad faith intertwined
with information that do  fall under exemptions or agency's
regulations justifying non-disclosure.

32.  On or about August 31, 2006, pursuant to a litigation
review, DEA released portion of 22 pages to plaintiff. See, ex. N
attached to Wassom's Decl.

33.  Plaintiff wishes to draw the Court's attention to page
marked by DEA with No. 34 from the released portion of 22 pages
of material. See, ex. 3 herein attached.

34.  Take notice that this DEA report of investigation (Ex.3)
is the same DEA report of investigation that the agency previously
released to plaintiff on March 8, 2006, that which plaintiff
finally received on March 27, 2006. See, ¶ 11, 24, 25, 26, 27,
and ex. 2 herein attached.

35.  Please also notice that this DEA report of investigation
(Ex. 3) the agency released it not withholding material facts
in Block 10 , different then when the agency first released it
back in March 8, 2006. See, ex. 2-3 herein attached.

36.  Plaintiff alleges this confirms his allegations in
paragraphs 28, 29, 30 about the agency's bad faith in withholding
material facts favorable to him that do not fall under any
exemptions nor agency's regulation for justifying non-diclosure.

37.  Plaintiff suspects the agency withheld the information
in Block 10 when it first released the report, because the info.
it contains, if one is not too familiar with the case, it makes
one believe that the "drugs" presented at trial were marked as
exhibit 1. Since the report of drug property collected, purchased
or seized (DEA Form-7) and other lab. documents and DEA
reports of investigations refer  the alleged drugs as exhibit "1".

And because this DEA report of investigation (Ex. 3) states as follows:

1.    On 1-25-1999, the trial of Luis Huberto Barbosa opened in U.S. District Court for the Eastern District of Pennsylvania. On 1-29-1999, a jury found Barbosa guilty of the charged crime, one count of possession of a controlled substance with intent to distribute. The following exhibits were created  in the process of trial preparation and submitted into evidence during the trial. Government exhibit 1 thru 11 are contained in a black binder and consist of the redacted translated transcrips of audio and video cassette recordings previously acquired. Government exhibits 1 thru 11 respectively correspond to non-drug exhibits N-43, N-76, N-83, N-47, N-49, N-50, N-54, N-60, N-65, N-87, (1 of 4), and N-87, (3 of 4).

38.    Since this report states that "government exhibit 1 thru 11 respectively correspond to non-drug exhibits", and the agency's personnel believed, according to DEA records, that the drugs presented at trial were marked as exhibit 1. It appears that the agency's personnel reviewing  the material for releasing  did not know that the drugs presented at trial were marked as exhibit 12.

Plaintiff alleges that though it was lack of knowledge of the case that the material facts were withheld when the report was first released. It is also evidence of agency's bad faith  intent to precautiously  withhold material facts favorable to him and that do not fall under any FOIA exemptions for non-disclosure with the only goal to protecting agency's bad faith acts.

39.    Plaintiff alleges that this action on part of the agency is clear evidence that more material facts pertinent to the allegations raised  under the civil action due exists. And the agency will not freely in good faith release it because it reveals and/or exposes agency's bad acts.

**40.** On September 8, 2005, DEA released portion of 37 pages, including 14 pages of laboratory reports. <u>See</u>, comp. Ex. "E" and ex. 4-17 herein attached.

**41.** The 14 pages of laboratory analysis report (No. 124175) comprises of Forensic Chemist hand written work sheets and computer results data pertinent to analystic material, such as charts and graphs depicting infrared/spectographic analyses. <u>See</u>, ex. 4-17 herein attached.

**42.** Forensic Chemist's hand written work sheet report (DEA Form-86) states at the middle of the report under "quantitation section" that the preparation date to the drug sample analysis report No. 124175 was <u>July 14, 1998</u>, and that it completed and/or sealed on <u>July 22, 1998</u>. <u>See</u>, ex. 5 herein attached.

**43.** Data base analystic material report containing charts and graphs to laboratory sample No. 124175 also states on the third line that the preparation date for the drug sample analysis report No. 124175 was <u>July 14, 1998</u>. <u>See</u>, ex. 12 herein attached.

**44.** Another data base analystic report containing charts and graphs also on the third line states that the preparation date for the drug sample analysis was on <u>July 14, 1998</u>. <u>See</u>, ex. 17 herein attached.

**45.** Plaintiff alleges that his arrest occurred on <u>July 18, 1998</u> at approximately 10:30 a.m., in possession of 99 cylinder shaped pellets allegedly containing "heroin" that were not field tested. <u>See</u>, comp. Ex. "C", DEA Form-7 and comp. ex. "I", affidavit at ¶ 10.

46. Plaintiff now alleges that drug sample chemical analysis report No. 124175 is not pertinent to his case because the preparation    date for the drug sample analysis No. 124175 report shows that the analysis was on July 14, 1998, and plaintiff was arrested on July 18, 1998. See, comp. ex. "I", affidavit at ¶ 10 and ex. 5, 12, 17 herein attached.

47. Plaintiff further alleges that he was charged for a drug and/or controlled substance he never possessed, as he asserted under his civil action. See, comp. ¶ 18.

48. Furthermore, plaintiff alleges that Forensic Chemist Mr. Charles L. Cusumano intentionally and maliciously used an unrelated drug sample analysis report (No. 124175) and falsely showed and/or proved to the court and the jury that plaintiff possessed cocaine base and/or controlled substance when he knew that plaintiff was not in possession of any drug nor controlled substance.

## C O N C L U S I O N

Plaintiff has shown the Court with indisputable and unequivocal compelling evidence that: (1) Agency acted with bad faith to withholding material facts pertinent to plaintiff and that do not fall under any FOIA exemptions for justifying non-disclosure; (2) Forensic Chemist Mr. Charles L. Cusumano maliciously and intentionally used an unrelated drug sample analysis report (No. 124175) and falsely proved to the Court and the jury that plaintiff possessed cocaine base and/or controlled substance; (3) laboratory drug sample analysis report No. 124175 was prepared on July 14, 1998, and completed and/or sealed on July 22, 1998, and plaintiff was arrested on July 18, 1998 in possession of the alleged "heroin."

Plaintiff is not alleging nor contesting that the drug sample analysis report No. 124175 is false. In fact, Forensic Chemist Mr. Cusumano needed to use a legitimate drug sample analysis report showing positive for drugs in order to feint the Court and the jury that plaintiff possessed illegal drugs and/or controlled substance.

Plaintiff defense strategic at trial was entrapment because his involvement in the case was originated by two paid government informants whom originally proposed the transaction, steadily prodded plaintiff for almost two months until finally induced, made drug type and transportation arrangements with their "associate" in Aruba with whom one of the informant previously dealt drugs with in the past, and finally provided the alleged "heroin" to plaintiff through their associate in Aruba for plaintiff to transport and deliver them to these Philadelphia, PA. based DEA informants, and provided plaintiff with Hotel and transportation funds for executing their illegal scheme.

Plaintiff further alleges that his criminal case is the clear fingerprint of an imperfect reversed sting operation, where paid government informants solicit and induce and finally supply alleged "drugs" through the hands of another informant from the same network who poses as the drug trafficker and associate of these informants.

Furthermore, plaintiff alleges that all agents that were involved in the case, the prosecutor AUSA Judy Smith, and Forensic Chemist Charles L. Cusumano all knew of these informants' illegal scheme of operation for generating cases for the government.

Plaintiff now has for conclusive all his assertions about the

case and about the alleged "heroin," "cocaine base," "controlled substance" that the case involved. Plaintiff also has for conclusive (1) why the prosecutor fabricated the complaint and affidavit, (2) why both the prosecutor and government agent lied to the grand jury, (3) why Forensic Chemist used an unrelated drug sample analysis report to falsely prove and/or show the Court and the jury that plaintiff possessed cocaine base and/or controlled substance.

**THEREFORE**, and for all of the above reasons, and in light that the defendant failed to established that it has made a good faith effort to conducting search for the requested records having only answered with conclusory statements, and plaintiff showing of bad faith on the part of the agency, the defendant is not entitled to judgment as a matter of law.

**FURTHERMORE**, plaintiff requests that this Honorable should, as a matter of law, rule as follows:

(a)   Civil action complaint be granted as a matter of law;

(b)   All plaintiff allegations be established as a matter of law;

(c)   Establish that the drug sample analysis report No. 124175 is not pertinent to plaintiff's case as a matter of law.

(d)   Grant such orders and further aid as this Honorable Court may deem just and proper.

I, Luis Humberto Barbosa, declare the foregoing is true and correct to the best of my knowledge and belief, and is given under the penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed on 11/6Th, 2006.   Respectfully submitted,

Luis Humberto Barbosa, pro-se

**13 of 14**

## CERTIFICATE OF SERVICE

I, Luis Humberto Barbosa, hereby certify that on this 6th day of November, 2006, I caused the foregoing Plaintiff's Motion And Attached Affidavit In Response To U.S. Justice Dept's Motion For Summary Judgment to be served on Defendant, postage prepaid, and addressed as follows:

MERCEDEH MOMENI
Assistant United States Attorney
District Of Columbia
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20001

Respectfully submitted,

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. Box 1000
Fort Dix, New Jersey 08640

14 of 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUIS HUMBERTO BARBOSA,                )
                                      )
            Plaintiff - Pro Se,       )
                                      )
                                      )
            Vs.                       )   Civil Action No. 06-0867 (CKK)
                                      )   (ECF)
                                      )
U.S. DEPARTMENT OF JUSTICE,           )
DRUG ENFORCEMENT ADMINISTRATION,      )
                                      )
            Defendant.                )
                                      )

## DECLARATION OF LUIS HUMBERTO BARBOSA

I, Luis Humberto Barbosa, pro-se plaintiff in the above civil case, being duly sworn and on oath, deposes and states as follows:

1.   I am the plaintiff acting pro-se in the above captioned civil case originally filed with this Honorable court on April 14th, 2006.

2.   Based upon, and in support of, all statements and allegations made and supported with material evidence under plaintiff's motion in response to U.S. Justice Dept's Motion for Summary Judgment, and all assertions made under the original civil action supported with material evidence, plaintiff states that all motions should be taken by this Honorable Court as true and correct to the best of his knowledge and belief.

3.   Plaintiff alleges that he has shown to the Court with clear indisputable, unequivocal compelling material evidence that the defendant acted in bad faith in searching and operationally acting role in his criminal case No. 98-383 (E.D.Pa. 1999).

4.    Plaintiff alleges he has shown this Court with undisputable, inequivocal material compelling evidence that the drug sample analysis results No. 124175 presented against him in a Court of law are not pertinent to him neither to his case.

5.    Plaintiff alleges he has shown this Court with undisputable, inequivocal compelling material evidence that Forensic Chemist Mr. Charles L. Cusumano maliciously and inten- tionally used an unrelated drug sample analysis report No. 124175 and falsely proved to the Court and the jury in plaintiff's criminal case that he possessed cocaine base and/or controlled substance.

I, Luis Humberto Barbosa, declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Respectfully submitted,

Executed on 11/6th, 2006.

Luis H. Barbosa #29500-053
FCI Fort Dix - Camp
P.O. 1000
Fort Dix, New Jersey 08640

2 of 2