UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS HUMBERTO BARBOSA )<br>)<br>              **Plaintiff,** )<br>  v. )<br>)<br>)<br>)<br>U.S. DEPARTMENT OF JUSTICE )<br>DRUG ENFORCEMENT ADMINISTRATION, )<br>)<br>              **Defendant.** )<br>) | Civil Action No. 06-0867 (CKK)<br>(ECF) |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

    Defendant, United States Department of Justice, Drug Enforcement Administration ("DEA" or "Agency"), through and by undersigned counsel, hereby submits this Reply in Support of its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b) and (c) on the grounds that no genuine issue of material fact exists.

    Preliminarily, plaintiff's Opposition brief ("Opposition") does not comply with Local Civil Rules 7(h) and 56.1, failing to respond to the Agency's Statement of Material Facts Not in Dispute ("SMF"), as required. *See generally*, Opp. at USDC Pacer Dkt. No. 19. He does not provide the Court with a statement of genuine issues in dispute. *Id*. Plaintiff's Opposition brief fails to raise a genuine issue of material fact in dispute, and fails to establish that the Agency's consistently articulated reasons for its invocation of Freedom of Information Act (FOIA) exemptions are invalid. Accordingly, all factual assertions in the SMF should be deemed admitted. *Cf. Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988), *cert. denied* 490 U.S. 1066

1

(1989).

The Agency has released all responsive materials and properly claimed certain FOIA exemptions. *See* Exh. 1, Declaration of William Little ("Little Decl."), ¶16.[1] In his Opposition, plaintiff does not deny that he has already received numerous responsive documents and does not refute any of defendant's explanations about the withholdings under the FOIA exemptions. Instead, plaintiff's Opposition seems to be based on an allegation that there may be documents the defendant is withholding in bad faith as a part of a conspiracy to cover up an alleged scheme against the plaintiff for unknown reasons. Opp. Brief ¶¶ 16-20. This assertion is patently wrong. Plaintiff made specific requests and defendant released all non-exempt, responsive materials. Little Decl. ¶ 16. Further, certain information on some documents were properly withheld for legitimate reasons. *See* Opening Brief, pp. 9-24 and Vaughn Index, USDC Pacer Dkt. No. 17. For example, defendant invoked the (b)(7)(F) exemption for documents redacting information regarding specific federal agents, which the plaintiff himself recognizes as information properly withheld. *See, e.g.* Opp. Brief ¶ 19.

ARGUMENT

**I.      The Court Should Grant Summary Judgment Because
         Plaintiff Has Failed to Comply with LCvR 7(h).**

Defendant requests that the Court treat the Motion for Summary Judgment as conceded pursuant to LCvR 7(h). This rule provides:

> An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall

---

[1] This declaration supplements the declaration of Leila Wassom, attached to defendant's opening brief, as Exhibit A.

>    include references to the parts of the record relied on to support the statement.
>    Each such motion and opposition must also contain or be accompanied by a
>    memorandum of points and authorities required by sections (a) and (b) of this
>    Rule.  In determining a motion for summary judgment, the court may assume that
>    facts identified by the moving party in its statement of material facts are admitted,
>    unless such a fact is controverted in the statement of genuine issues filed in
>    opposition to the motion.

*See also* Fed. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")

As the Court of Appeals for this Circuit has recognized, the purpose of Rule 7(h) is to "assist [ ] the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir.1996).  As the court in *Jackson* indicated, Rule 7(h) exists to help the judge because it "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Id*. at 151.  "This circuit has long upheld strict compliance with the district court's local rules on summary judgment when invoked by the district court." *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002).

When a plaintiff fails to refute defendant's Local Rule 7(h) Statement, the Court should "treat as admitted" defendant's facts.  *Waterhouse v. District of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002); S*EC v. Banner Fund Int'l*, 211 F.3d 602, 615 (D.C. Cir.2000); LCvR 7.1(h).  Thus, in *Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988), *cert. denied* 490 U.S. 1066 (1989), the D.C. Circuit rejected the notion that a district court abuses its discretion in accepting as true the

movant's properly supported statement of material facts not in dispute where the opposing party failed to submit a counter statement. *Id.* at 1424. This is particularly true where the case involves additional or aggravating factors on the part of the non-moving party, such as failures to comply with deadlines. *Jackson*, 101 F.3d at 147-48 (Court did not abuse discretion in denying, after a variety of continuances and the grant of several motions to correct deficiencies, a further request to supplement a statement of material facts in dispute and in striking a deficient statement that lacked citations to the record, depositions, or affidavits).

Here, the Court should treat defendant's Statement of Material Facts Not in Dispute as conceded and grant summary judgment in favor of the DEA. The Court entered a *Fox-Neal* Order on October 12, 2006. *See* USDC Pacer, Dkt. No. 18. Plaintiff's deficient opposition was filed on November 14, 2006, notwithstanding the Court's order. Given plaintiff's failure to refute any of the specific factual assertions defendant has proffered, the Agency's statement of material facts should be treated as conceded, as permitted by LCvR 7(h). *Jackson, Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996); *Trawick v. Hantman*, 151 F. Supp. 2d 54, 58-59 (D.D.C. 2001).

II.     **Alternatively, this Court Should Dismiss the Complaint Pursuant to Federal Rules of Procedure 41(b).**

In the alternative, the DEA moves for dismissal under Federal Rule of Civil Procedure 41(b). This rule states, in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Here, plaintiff has failed to comply with this Court's Order of October 12, 2006, by failing to file a proper opposition by November 17, 2006, when he did not file a Statement of Genuine Issues in Dispute or respond to the corresponding paragraphs of

Plaintiff's SMF. On this basis, defendant respectfully submits that a Rule 41(b) dismissal is warranted.

### III. The Agency Has Produced All Non-Exempt, Responsive Records.

Initially, Plaintiff complained that relevant DEA laboratory results had been withheld from him in violation of the FOIA. *See* Comp.¶¶ 1-2. Now, it has become clear however, that plaintiff bases his claims and allegations of bad faith on his misunderstanding of DEA FOIA procedures and laboratory policies. For example, plaintiff claims that his request for information regarding his criminal case from the DEA Northeast Regional Laboratory went unanswered. Opp. ¶¶ 4 and 19. However, the appropriate entity, from which an individual may request the records at issue, is the DEA Freedom of Information Operations Unit. Little Decl. ¶¶ 10-15. Furthermore, the DEA has indeed released all non-exempt responsive records. *Id*. at ¶ 16.

Plaintiff also claims that to date the Agency has not disclosed the records he seeks, including the "chemical signature breakdown analysis report". *See generally* Opp., USDC Pacer Dkt. No. 19. Such reports do not exist. Little Decl. ¶ 17. The DEA does use two signature programs knows as the Heroin and Cocaine Signature Programs. Little Decl. ¶ 17. However, in depth analysis conducted by those programs is only done through the submission of a request and approval by the DEA Office of Forensic Science. Little Decl. ¶¶ 17-18. No records exists that such a request was made for plaintiff's criminal case, however. Little Decl. ¶ 18.

Apparently, by bringing the instant Complaint, plaintiff also attempts to have the Court provide him with an opportunity to re-litigate his criminal sentencing through a FOIA filing. For the purposes of the instant litigation perhaps, plaintiff seems to suggest that because the DEA released two documents (Exhibits 5 and 17 attached to his Opposition) that contain a date prior

to his arrest,[2] there is a genuine issue of fact. Opp. ¶¶ 42 and 48. First, the processing of responsive records, under the FOIA, attests to the authenticity of the record, but not the accuracy of the information contained therein. Little Decl. ¶ 23. Second, the two documents in question contain the earlier date because they indicate when a periodic calibration of the instruments, used by the DEA laboratories to analyze unknown or suspect substances, took place prior to the analysis of the substances seized from plaintiff. Little Decl. ¶¶ 19-20. For plaintiff to assert that the Agency acted in bad faith during his sentencing, by highlighting the July 14, 1998 date, is a belated and misplaced attempt to prove that his sentencing was based on false evidence. This is impermissible in this case, as the appropriate vehicle for a collateral attack on one's sentencing is 28 U.S.C. § 2255.

Additionally, plaintiff contends that the determination to release the same document with fewer redactions is evidence of further bad faith, when he provides Exhibits 2 and 3 attached to his Opposition. Opp. ¶¶ 33-38. Not so. The documents marked Exhibit 2 and 3, were provided to plaintiff during the administrative and litigation phase of this process respectively. Little Decl. ¶ 21. The DEA discovered, during litigation review, that it had redacted certain information in error earlier during the administrative process. The error was then cured by releasing a copy of the document with only the appropriate redactions. Little Decl. ¶¶21-22. Accordingly, no evidence of bad faith exists.

In the final analysis, the Agency released all non-exempted responsive records related to Case File No. CK-98-0095 and Lab. No. 124175 to plaintiff. Little Decl. ¶16. To ensure that no

---

[2] The date July 14, 1998 appear on Opposition Exhibits 5 and 17. Plaintiff was arrested on July 18, 1998.

additional materials existed, the DEA even contacted the Northeast Laboratory on at least two occasions during the course of litigation review. *Id.* Based on the foregoing and the fact that all Exemptions claimed were proper under the FOIA, the Agency is entitled to Summary Judgment as a matter of law.

## CONCLUSION

Because the Agency has satisfied the summary judgment requirements in this FOIA case by providing the Court and the plaintiff with declarations and other evidence which show that all responsive documents were produced and the withheld documents are exempt from disclosure, the DEA's Motion for Summary Judgment should be granted and plaintiff's Complaint should be dismissed with prejudice.

Dated: December 19, 2006.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. Bar #498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS
D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2006, I caused the foregoing Reply in Support of Motion to for Summary Judgment to be served on Plaintiff, postage prepaid, addressed as follows:

LUIS HUMBERTO BARBOSA
REG. 29500-053
FCI-Fort Dix - West
P.O. Box 7000
Fort Dix, NJ 08640

/s/
_____
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 305-4851