UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUIS H. BARBOSA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 06-0867 CKK** |
| **DEPARTMENT OF JUSTICE,** | ) |
| **DRUG ENFORCEMENT ADMINISTRATION,** | ) |
| | ) |
| **Defendant** | ) |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) |

**DECLARATION OF WILLIAM C. LITTLE, JR.**

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury

pursuant to 28 U.S.C. § 1746.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of

Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice

(DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief

Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am the attorney responsible for matters involving

the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a,

in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters all arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. In defense of FOI/PA actions, I am responsible for taking remedial action when ordered by courts or when deficiencies in responding to, processing or release of information are noticed in the course of litigation review.

8. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

9. This declaration supplements the prior declaration of Leila Wassom, dated September 25, 2006, submitted in support of the *Defendant's Motion For Summary Judgment*, submitted in

2

support of the *Defendant's Motion for Summary Judgement*, dated October 11, 2006, and is in response to the *Plaintiff's Motion and attached Affidavit in Response to U.S. Justice Dept's Motion for Summary Judgment* (hereafter referred to as Plaintiff's Opposition) filed November 9, 2006.

10.  In preparing this declaration, I read and am familiar with the Complaint in the above entitled action, the declaration of Leila Wassom submitted in support of the Drug Enforcement Administration (DEA), the records maintained by the DEA Freedom of Information Operations Unit (referred to herein by the office designation SARO) that relate to the processing of the plaintiff's Freedom of Information Act request that is the subject of the above titled civil action, and the Plaintiff's Opposition.

11.  SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

12.  In the Plaintiff's Opposition, paragraphs 3 through 8 of the Discussion, he complains that the DEA Northeast Regional Laboratory failed to respond to his letter of April 7, 2005 and a "formal and legal FOIA request" May 28, 2005. Despite the plaintiff's contention, SARO was the appropriate DEA office to respond to the plaintiff's FOIA request.

3

13. The Freedom of Information Act, 5 U.S.C. § 552 (a)(3)(A), requires that an agency, upon any request for records which reasonably describes such records and is made in accordance with published agency rules, shall make the records promptly available to any person.

14. The published rules governing the procedures for disclosure of records for DEA, under the Freedom of Information Act (FOIA), are those set out by the U.S. Department of Justice (DOJ) in 28 C.F.R., Subpart A. The requirements for making a request are outlined at 28 C.F.R.§ 16.3. A request is made "by writing directly to the Department component that maintains those records." 28 C.F.R.§ 16.3(a). Requesters are directed to send the request to the "component's FOIA office at the address listed in appendix I of part 16." *Id.*

15. A component, under DOJ Agency Rules, is any "separate bureau, office board, division, commission, service, or administration of the Department of Justice." See 28 C.F.R.§ 16.1(b). For purposes of the FOIA, DEA is a component of DOJ. The address listed in appendix A of 28 C.F.R. for DEA is "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C., 20537-0001." The DEA Northeast Laboratory is not a component of DOJ and is not the DEA office responsible for responding to FOI/PA requests received by DEA. Thus, the laboratory was not obligated to respond to the plaintiff under the FOIA.

16. The Northeast Laboratory was contacted by me on at least two (2) occasions during the course of the litigation review. On December 11, 2002, the laboratory was contacted again regarding the release of records associated with Investigative Case File No. CK-98-0095, Exhibit No. 1, and Lab. No. 124175. The laboratory confirmed that all records associated with the

testing of the exhibit were previously provided for processing under the FOIA and that no other records exist.

17. Moreover, DEA does not conduct a chemical signature breakdown analysis; therefore, no "chemical signature breakdown analysis report" exists in any DEA records system, except if provided by an entity other than a DEA laboratory. DEA uses two signature programs known as the "Heroin Signature Program" and "Cocaine Signature Program." These are special in depth analyses performed at a DEA laboratory known as the DEA Special Testing Laboratory.

18. To perform either of the signature programs requires the submission of a request and approval by the DEA Office of Forensic Science. Once the request is approved, the particular DEA laboratory in possession of the exhibit will forward it to the Special Testing Lab. There is no record that a request was made, an approval or that the drug exhibit designated as Lab. No. 124175 was forwarded for testing, Thus, there are "no records" responsive to the plaintiff's request and no reasonable belief that records exist in any other files or locations in DEA.

19. Plaintiff further attacks the authenticity of the records provided and credibility of the employees of the DEA. In Plaintiff's Opposition, paragraphs 42 through 48, he alleges that DEA laboratory reports were falsified. He bases his assertion on the fact that the date of July 14, 1998, appears on the laboratory report, whereas he was arrested on July 18, 1998.

20. The date to which the plaintiff refers is the date on which a "standard sample" of cocaine hydrochloride was prepared. A standard sample is known quantity of a substance known to be a particular substance, in this case cocaine, that is used to confirm that the instruments analyzing

5

an unknown or suspect substances being tested are functioning properly. The results of the instrument readings for the standard sample are compared with the readings of the tested sample, and vice versa, to confirm that the tested sample was, in this case, cocaine. Therefore, the plaintiff's assertions and conclusions he draws based upon the date of July 14, 1998, are unfounded.

21. Finally, the plaintiff's contention that the determination, made in the course of the litigation review, to release additional information on the page designated as page 34, evidences bad faith on the part of DEA is without merit. It is the DEA practice and procedure that, if errors are noted during the course of the litigation review, remedial action must be taken to correct or remedy any error that occurs in the administrative process phase of processing a request under the FOI/PA.

22. With regard to the material initially withheld on page 34, the basis to withhold was that the information did not relate to the plaintiff. During the course of the litigation review, it was noted, by reference to other investigative reports and knowledge of the judicial process, that the information did relate to the plaintiff. Thus, corrective action was taken, in accordance with DEA practices and procedures.

23. The processing and release of responsive records, under the FOI/PA, attests to the authenticity of the record, but not to the accuracy of the information contained therein. However, DEA denies that its chemist provided false information in response to the plaintiff FOI/PA request or the Court as alleged in paragraph 48 of *Plaintiff's Opposition*.

6

The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

Dec 18 2006
DATE

William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537

7