UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Luis Humberto Barbosa,          :
                                :
          Plaintiff,            :
     v.                         :      Civil Action No. 06-0867 (CKK)
                                :
Department of Justice,          :
                                :
          Defendant.            :

MEMORANDUM OPINION

In this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Drug Enforcement Administration's ("DEA") response to his request for records. Defendant moves for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and dismiss the case.

I.   BACKGROUND

By letter of April 7, 2005, plaintiff requested from the DEA Northeast Regional Laboratory the "Chemical Signature Breakdown Analysis Report" of material DEA had seized from him. Def.'s Mot., Declaration of Leila I. Wassom ("Wassom Decl."), Ex. A. Plaintiff amended the request by letter of May 28, 2005, to include "any and all materials for the [agency's] entire central file" presumably about plaintiff. *Id*., Ex. B. Plaintiff renewed his request for the lab report by letter of October 22, 2005. *Id*., Ex. F. Meanwhile, by letter of September 8, 2005, DEA released 37 redacted pages of material, 14 of which pertained to laboratory reports. It withheld 40 pages of material in their entirety. DEA withheld information pursuant to FOIA exemptions 2, 7(C), 7(D) and 7(F), and section (j)(2) of the Privacy Act, 5 U.S.C. § 552a. *Id*., Ex. D.

By letter of October 28, 2005, DEA released four redacted pages and withheld three pages of material located in related files in which plaintiff's name was mentioned. *Id*., Ex. G. It also referred seven (Ex. G) or eight (Ex. H) pages of material originating with Immigration and Customs Enforcement ("ICE") to that component for processing. ICE, in turn, returned "six" referred documents to DEA after redacting the names of ICE agents and inspectors pursuant to exemptions 7(C) and 7(F). *Id*., Ex. I. By letter of December 21, 2005, DEA released seven redacted pages, asserting exemptions 2, 7(C), 7(D) and 7(F) as the bases for the deletions. *Id*., Ex. J.[1] That letter indicated that no further pages were withheld in their entirety or referred to another agency.

In response to plaintiff's administrative appeal of DEA's withholding of 40 pages of material from the September 8 release (Ex. K)., the Office of Information and Privacy released an additional page of information with redactions by letter of March 8, 2006. *Id*., Ex. M. Plaintiff initiated this lawsuit on May 9, 2006. By letter of August 31, 2006, during the course of this litigation, DEA released an additional 22 pages of material, 13 of which were previously withheld in their entirety. *Id*., Ex. N.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The FOIA requires a federal agency to release all records responsive to a request except those

---

[1] Plaintiff does not challenge the referral or the release containing the referred records; thus, the Court will not delay the resolution of this case by directing defendant's clarification of the foregoing discrepancies.

protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C. § 552(b).  This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 139 (1980).  The Court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III.  DISCUSSION

Plaintiff generally contests defendant's withholding of information pursuant to FOIA exemptions.  He also asserts that defendant acted in bad faith merely because it released additional information, some of which was previously withheld, during the course of this litigation.  *See* Pl.'s Opp. [Dkt. No. 19] at 8.  A FOIA claim based on additional disclosures would be difficult, if not impossible, to sustain because "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); accord *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007). In any event, defendant has adequately explained that the subsequent release was consistent with DEA's "practice and procedure" of taking "remedial action . . . to correct or remedy any

3

[administrative] error" discovered during litigation. Def.'s Reply, Declaration of William C. Little, Jr. ¶ 21. This approach complies with the dictates of the FOIA. *See Western Center for Journalism v. I.R.S.,* 116 F. Supp.2d 1, 10 (D.D.C. 2000) (Kollar-Kotelly, J.) ("[I]t is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed.") (*quoting Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986)).

Plaintiff mostly argues that the information contained in a drug analysis report released to him under the FOIA (and introduced as evidence at his criminal trial) confirms his theory that "he was charged for a drug and/or controlled substance he never possessed." Pl.'s Opp. at 11, ¶ 47. As will become apparent, however, plaintiff's supposition is probative only with regards to defendant's invocation of exemption 7(C). Otherwise, his identity and the purpose of his request are immaterial to the FOIA analysis. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 770-71 (1989); *Swan v. S.E.C.*, 96 F.3d 498, 499-500 (D.C. Cir. 1996); *North v. Walsh*, 881 F.2d 1088, 1096-97 (D.C. Cir. 1989).

In addition to exemption 7(C), defendant invoked exemptions 2, 7(D) and 7(F) to justify its withholdings. The Court discusses next the propriety of each claimed exemption.

Exemption 2

Exemption 2 protects from disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Typically, courts limit exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990).

Defendant properly applied exemption 2 to "'violator identifiers' consisting of G-DEP (Geographical Drug Enforcement Program) codes, NADDIS Numbers, and confidential informant numbers," which "are part of DEA's internal system of identifying information and individuals." Wassom Decl. ¶ 48. The redaction of such information from responsive records has been routinely approved. *See Lesar v. U.S. Department of Justice*, 636 F.2d 472, 485-86 (D.C. Cir. 1980) (informant codes are "a matter of internal significance in which the public has no substantial interest."); accord *Mendoza v. Drug Enforcement Admin.*, 465 F. Supp.2d 5, 11 (D.D.C. 2006) (DEA "violator identifiers" properly withheld); *Albuquerque Publishing Company v. U.S. Department of Justice*, 726 F. Supp. 851, 854 (D.D.C. 1989) (same).

Exemption 7

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). The responsive records "were compiled during [DEA's] criminal law enforcement investigations of the plaintiff and several third parties," Wassom Decl. ¶ 52, thereby satisfying the threshold law enforcement purpose.

*Exemption 7(C)*

Exemption 7(C) protects from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendant redacted the names and other identifying information of third-party suspects, co-defendants, confidential sources and law enforcement personnel. Wassom Decl. ¶¶ 53, 56-58. Because of recognized strong privacy concerns based on some of the reasons defendant asserts,

*see id*. ¶¶ 54-58, third-party identifying information contained in law enforcement records is categorically protected from disclosure under exemption 7(C) in the absence of a showing of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id*. at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id*. Otherwise, the requirement to balance the asserted privacy interests against the asserted public interests does not come into play. *Id*. at 175.

According to Wassom, each record was "examined to determine the degree and nature of the [individual's] privacy interest" and "whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission . . . and/or how DEA conducts its internal operations and investigations." Wassom Decl. ¶ 55. Defendant found "no legitimate public interest in the [redacted] information." *Id*. Plaintiff suggests, however, that the information is pertinent to determining the validity of his criminal conviction. He "alleges that his criminal case is the clear fingerprint of an imperfect reversed sting operation . . . [and] that all agents that were involved in the case [including the prosecuting attorney and the forensic chemist] all knew of [paid] informants' illegal scheme of operation for generating cases for the government." Pl.'s Opp. at 12. Plaintiff's

6

unsubstantiated grievances about his criminal prosecution fail to establish a public interest necessitating the weighing of interests. Defendant properly redacted third-party identifying information under exemption 7(C), in conjunction with exemption 7(F).[2]

*Exemption 7(D)*

Exemption 7(D) of the FOIA protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). To properly apply exemption 7(D), an agency must show either that a source provided the information to the agency under an express assurance of confidentiality or that the circumstances support an inference of confidentiality. *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179-81 (1993). To demonstrate an express assurance of confidentiality, defendant must present "'probative evidence that the source did in fact receive an express grant of confidentiality.'" *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 34 (D.C. Cir. 1998) (*quoting Davin v. U.S. Dept. of Justice*, 60 F.3d 1043, 1061 (3rd Cir. 1995)). "Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources." *Id*.

---

[2] The Court will not address separately the withholding of the same information under exemption 7(F).

DEA properly applied exemption 7(D) to "coded confidential informants with express assurances of confidentiality," Wassom Decl. ¶ 61, which were established pursuant to DEA policy and procedure. *Id*. ¶ 62. By its terms, exemption 7(D) protects from disclosure the identities of such informants and the information they supplied.

<u>Segregability of Records</u>

The Court is required to make a finding as to whether defendant properly withheld documents in their entirety. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). In order to justify withholding records in their entirety, an agency must demonstrate that the "exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Mays v. Drug Enforcement Administration*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (*quoting Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)) (other citation and internal quotation marks omitted).

Defendant withheld 29 pages of material in their entirety. Wassom Decl. ¶ 23. Wassom avers that "[a]ll of the responsive information was examined to determine whether any reasonably segregable information could be released." Wassom Decl. ¶ 67. Consideration was given to, among other factors, the amount of time and effort required to separate information, *id*. ¶ 68, and whether disclosure of any segregable content would yield any "useful information, or incomprehensible words and/or phrases . . . ." *Id*. ¶ 67. Based on the Wassom declaration, *see* ¶¶ 71-86, and defendant's *Vaughn* index (Ex. 0), the Court finds that defendant properly withheld the specified records in their entirety.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment will be granted. A separate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　United States District Judge

Date: April 23, 2007